THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* RAFAEL CABÁN BORDOY k/a PIPE, Defendant and Appellant.

Nos. Cr-62-3, Cr-62-4.   Decided December 26, 1962.

*César Andréu Ribas* for appellant.   *J. B. Fernández Badillo, Solicitor General,* and *Héctor R. Orlandi Gómez, Assistant Solicitor General,* for The People.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

PER CURIAM.

Appellant was found guilty of two violations of § 4 of Act No. 220 of May 15, 1948, 33 L.P.R.A. § 1250, and sentenced to serve eight months in jail in each case, to be served concurrently.   In the brief presented, the errors assigned are not specified but from the lengthy analysis of the evidence as well as the assignment of apparent contradictions and supposedly untruthful statements of the testimony of the undercover agent, only witness for the prosecution, it is inferred that defendant challenges the weighing of the evidence and the legal effect thereof considered jointly with a reasonable doubt which favors every defendant.   However, after reading the transcript of evidence we find no reason of

812

weight to disturb the finding of the trial judge in his weighing of the evidence. It is possible that the aforesaid witness incurred in several contradictions in his testimony, but actually none of them are substantial nor do they fundamentally affect the basic facts which support the conviction. *People v. Seda*, 82 P.R.R. 695 (1961), *aff'd* in 299 F.2d 576 (C.A. 1, 1962), *cert. denied* in 369 U.S. 904 (1962).

During the course of the testimony of a witness for the defense it appears that the latter had testified before the prosecuting attorney. Defendant requested that this testimony be produced. The court refused it. The rule established in *People v. Ribas*, 83 P.R.R. 371 (1961), refers to the delivery by the district attorney of the testimonies of the witnesses for the prosecution. See also, *People v. Díaz, ante*, p. 529. Besides, it appears from the record that this testimony was not related to the case at bar, but to another prosecution against another person for the violation of the Bolita Act. The court did not err in so acting.

The judgments rendered by the Superior Court, Aguadilla Part, on September 7, 1961 will be affirmed.